DISTRICT COURT
OKLAHOMA COUNTY

JAN - 3 2020

RICK WARREN
COURT CLERK

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

102 _____

| | |
|---|---|
| John Brown; ) | |
| ) | CJ-2020-50 |
| Plaintiff, ) | |
| ) | Hon Don Andrews |
| vs. ) | |
| ) | |
| DynaEnergetics US, Inc.; ) | |
| ) | |
| Defendant ) | |

## PETITION

COMES NOW the Plaintiff, John Brown ("Plaintiff"), and for his causes of action against the Defendant, DynaEnergetics US, Inc. ("Defendant"), alleges and states:

## PARTIES

1.  Plaintiff is an individual and resident of Edmond, Oklahoma County, Oklahoma.

2.  Defendant is a corporation, which is incorporated under Colorado law, registered with the Oklahoma Secretary of State as a Foreign For Profit Business Corporation, with a registered agent in Oklahoma City, Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

1.  The Plaintiff incorporates by reference and realleges each allegation contained above and states:

2.  Plaintiff's claims against Defendant arose in Oklahoma County, Oklahoma: the employment contract, the implied contract, and the Defendant's duties to Plaintiff were created in Oklahoma County Oklahoma.

3.  The District Courts of Oklahoma have subject matter jurisdiction over the claims asserted in this litigation and personal jurisdiction over the parties to this litigation.

4.  Venue is proper in the District Court of Oklahoma County, State of Oklahoma, under 12 O.S. §137 and 12 O.S. §142.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.  The Plaintiff incorporates by reference and realleges each allegation contained above and states:

2. Defendant hired employee on or about March 19, 2018.

3. Defendant terminated Plaintiff's employment effective November 7, 2019.

4. Defendant presented Plaintiff with a Confidential Severance and Release Agreement, which Plaintiff did not sign.

## COUNT I
(Violation of 29 U.S.C. § 207)

1. The Plaintiff incorporates by reference and realleges each allegation contained above and states:

2. Plaintiff was paid on an hourly basis.

3. Plaintiff was expected to appear and be present at his place of employment for at least 40 hours from 8:00 a.m. to 5:00 p.m. on Monday through Friday each week (minus holidays).

4. Plaintiff was on call to perform additional services for Defendant from approximately 5:00 p.m. on Friday to approximately 8:00 a.m. Monday each week ("On Call Time").

5. Defendant expected Plaintiff to drive to Defendant's offices, complete significant paperwork, and deliver a truck of explosives to a designated site to assist Defendant in the oil and gas services it provided ("Delivery"), if Plaintiff received a call requesting such delivery during the On Call Time ("Delivery Call").

6. For approximately 30 weeks of On Call Time, Plaintiff received a large volume of Delivery Calls.

7. For approximately 50 weeks of On Call Time, Plaintiff received a smaller volume of Delivery Calls.

8. Plaintiff received on average 2-3 Delivery Calls each week, and the remaining On Call Time was spent waiting to be engaged, subject to restrictions imposed by Defendant.

9. Plaintiff was expected to be present to perform at his place of employment within 15-20 minutes of receiving a Delivery Call to fulfill the Delivery, which limited Plaintiff's ability to travel further than 10-20 miles away from Defendant's offices during On Call Time.

10. Plaintiff was subject to discipline if Plaintiff arrived late to the place of employment after receiving a Delivery Call. Plaintiff understood from Defendant that Plaintiff's job would be terminated for arriving late to a Delivery Call.

11. Plaintiff was required to use a company truck with GPS installed for the Delivery

Calls, enabling Defendant to track Plaintiff's timeliness and performance of the Deliveries.

12. Plaintiff lived approximately 20 minutes away from his place of employment.

13. Plaintiff was the only employee with the requisite training to perform the Deliveries, so the Defendant did not schedule another employee to take Delivery Calls during the On Call Time.

14. Plaintiff was the only employee who regularly took Delivery Calls during the On Call Time.

15. Plaintiff was able to secure a substitute to cover the On Call Time, only *twice* in approximately 20 months of On Call Time during his employment.

16. Defendant scheduled Plaintiff to cover the On Call Time approximately ***83 weeks of the approximate 85 weeks*** Defendant employed Plaintiff.

17. Plaintiff had to be to be ready and able, at all times during the On Call Time, to drive to his place of employment as soon as he received a Delivery Call, to ensure he arrived at his place of employment with the time limit Defendant imposed.

18. Plaintiff's On Call Time while not out on a Delivery Call was largely spent at his home waiting to be engaged, to ensure Plaintiff could timely respond to a Delivery Call.

19. During On Call Time, Plaintiff was unable to engage in personal activities, including, events with family and friends, church, drinking alcohol, going on vacation, and going to the gym for personal health.

20. Plaintiff's time spent covering the On Call Time is compensable under the Fair Labor Standards Act.

21. Plaintiff reported to Defendant on multiple occasions that (1) Plaintiff should be compensated for his time covering the On Call Time, and (2) Plaintiff wanted an option for another employee to regularly cover the On Call Time, so Plaintiff had a viable option to take time off instead of always being required to make himself available for On Call Time.

22. Defendant paid Plaintiff for Plaintiff's time spent responding to Delivery Calls.

23. Defendant did not pay Plaintiff for On Call Time spent waiting to be engaged, though Defendant imposed significant restrictions on Plaintiff to ensure Plaintiff was immediately available to Defendant.

Plaintiff prays for judgment against Defendant, on his first cause of action, as follows:

1. Back pay for unpaid overtime compensation greater than $75,000;

2. Liquidated damages;

3. Reasonable attorney's fees under 29 U.S.C. § 216; and

4. Such other and further relief as the Court may deem just and equitable.

## COUNT II

(Breach of Contract)

1. The Plaintiff incorporates by reference and realleges each allegation contained above and states:

2. Before March 19, 2018, Defendant promised to Plaintiff that Plaintiff would be promoted to a managerial position in December 2018 (the "Promise").

3. The Promise implied Plaintiff must meet the following conditions:

   a. Plaintiff must agree to accept the Driver I position Defendant had open in March 2019, and

   b. Plaintiff must remain employed by Defendant for approximately 8 months in the Driver I position, until the managerial position became vacant.

4. Defendant's Promise constituted either an express unilateral contract or an implied contract.

5. Plaintiff had not yet accepted the Driver I position Defendant offered, when Defendant made the Promise.

6. Plaintiff did not have a preexisting legal obligation to perform the conditions listed in Paragraph 3 when Defendant made the Promise.

7. Plaintiff accepted the Driver I position and started performing in reliance on Defendant's Promise.

8. While Plaintiff was employed, Defendant required Plaintiff perform managerial duties (outside his Driver I job description) when the manager was on leave; Plaintiff understood he would be terminated if he refused.

9. Defendant required Plaintiff to complete the paperwork necessary for each Delivery he completed in response to a Delivery Call. Completing this paperwork is outside the Driver I job description and is normally reserved for managers. Plaintiff learned how to complete the paperwork and other skillsets, and completed the paperwork for the Deliveries he performed, in reliance on Defendant's Promise.

10. While Defendant employed Plaintiff, Defendant did not require an employee other

than Plaintiff perform managerial duties while the manager was on leave.

11. Plaintiff had no legal or contractual obligation to perform the managerial duties outside his job description.

12. Plaintiff's performance of managerial duties while employed as a Driver I constituted additional consideration for Defendant's Promise.

13. During Plaintiff's employment, Plaintiff's supervisor confirmed to Plaintiff Defendant's intent to promote Plaintiff to a managerial position in the corporation, based on the supervisor's verbal and written communications with Defendant.

14. This and other communications from Defendant induced Plaintiff to continue working in the Driver I position for approximately *one additional year after Plaintiff completed performance*, believing Defendant would fulfill the Promise.

15. Defendant never promoted Plaintiff to a managerial position before unilaterally and suddenly terminating Plaintiff's employment in November 2019.

16. Plaintiff accepted the Driver I position, remained in his position with Defendant for approximately 20 months (instead of terminating his employment), and performed the required managerial duties outside his job description in reliance of Defendant's Promise.

17. Plaintiff performed the conditions in Paragraph 3 in reliance on Defendant's Promise, accepting Defendant's Promise and obligating Defendant to perform.

18. Defendant breached the Promise and contract by failing to promote Plaintiff to manager with commensurate compensation.

19. Defendant's breach was intentional and with malice toward Plaintiff, or in reckless disregard of Plaintiff's rights.

Plaintiff prays for judgment against Defendant, on his second cause of action, as follows:

1. Damages in an amount to be determined and in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332, together with interest thereon at the statutory rate until paid;

2. Punitive damages to which Plaintiff may be entitled as set forth in 23 O.S. § 9.1; and

3. Such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*[signature]*

Robert Lee Rainey, OBA #11967
RobRainey@OkcLaw.com
Direct: 405-753-1515
Josiah T. Hass, OBA #31077
JosiahHass@OkcLaw.com
Direct: 405-753-1517
Stephanie E. Melders, OBA #33458
StephanieMelders@OkcLaw.com
Direct: 405-753-1513

**Rainey Law, LLP**
1601 NW Expressway, Suite 600
Oklahoma City, OK 73118
Facsimile: (405) 753-1501

***Attorneys for Plaintiff***

## DECLARATION UNDER PENALTY OF PERJURY
## UNDER 12 O.S. § 426

My name is John Brown, the Plaintiff mentioned in the above Petition. I state under penalty of perjury, under the laws of Oklahoma, the facts stated in the Petition are true and correct to the best of my knowledge, information, and belief.

Executed on January 1, 2020.

_____
John Brown